[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------------

No. 07-14916
Non-Argument Calendar

--------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-20473-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

GELCE ALEXANDRE DASILVA,

Defendant-Appellee.

--------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

--------------------------------------------------------------------

(March 27, 2008)

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The government appeals the district court's <u>sua</u> <u>sponte</u> dismissal with prejudice of the indictment charging Defendant-Appellee Gelce Alexandre Dasilva with attempted reentry into the United States, in violation of 8 U.S.C. § 1326(a). The district court concluded that the indictment failed to charge acts sufficient to establish violation of section 1326(a). We cannot agree and vacate the dismissal.

Section 1326(a) makes it unlawful for an alien who has been removed to "enter[], attempt[] to enter, or [be] at any time found in, the United States" unless, prior to reembarkation outside the United States, the alien receives the express consent of the Attorney General to the alien's reapplying for admission. To convict Dasilva of attempted reentry in violation of section 1326(a), the government had to prove that (1) Dasilva was an alien at the time of the alleged offense; (2) he had been previously removed; (3) he had not received the express consent of the Attorney General to apply for readmission; and (4) he attempted to enter the United States. <u>See</u> <u>United States v. Marte</u>, 356 F.3d 1336, 1345 (11th Cir. 2004).

Dasilva (along with over a dozen other aliens) was apprehended in international waters abroad a disabled United States-flagged vessel on the high seas approximately some 20 nautical miles off the Florida coast and outside the jurisdiction of any particular State. Dasilva was charged in a single-count

indictment with violation of 8 U.S.C. § 1326(a); he chose to plead guilty to the charge. To establish the factual basis for the plea, the government proffered that Dasilva was a citizen of Brazil, had been removed previously, and was found on a vessel bound for the United States. When interviewed, Dasilva admitted that he was attempting to reenter the United States and had not received the Attorney General's consent to apply for reentry. The vessel had not entered United States territorial waters because it developed a fuel leak that rendered it dead in the water.

The district court refused to accept Dasilva's guilty plea concluding that the proffer showed the commission of no prosecutable offense. According to the district court, because the vessel broke down outside the territorial jurisdiction of this country, Dasilva was accountable only for desiring to live here and that is no crime. The district court declined to accept Dasilva's guilty plea; the indictment was dismissed with prejudice.

Dismissal of an indictment is subject to de novo review. United States v. Sharpe, 438 F.3d 11257, 1259 (11th Cir. 2006). The sufficiency of an indictment is assessed by taking the allegations contained in the indictment to be true and then determining whether a criminal offense has been stated. See United States v. Plummer, 221 F.3d 1298, 1302 (11th Cir. 2000). The elements of the section

1326(a) offense – Dasilva's alien status, previous removal, absence of consent, and attempt to reenter – each were alleged in the indictment. Dasilva sought to plead guilty to the offense. The district court nonetheless concluded that the attempt stated in the indictment could not support criminal prosecution because no acts within United States territorial waters were alleged.

We reject the district court's position that section 1326(a)'s attempt provision can have no extraterritorial application. In Plummer, we determined that the crime of attempted smuggling could be predicated on acts occurring exclusively outside United States territory; only the underlying offense – smuggling – requires, as a matter of law, completion within the United States. 221 F.3d at 1303-04. As Plummer recognized, Congress has the authority to enforce its laws beyond the territorial boundaries of the United States, id. at 1304; and whether Congress intended extraterritorial application is a matter of statutory construction. Id. Congress need not provide expressly for extraterritorial application; such application may be inferred from the nature of the offense. Id. at 1304-05.

For reasons paralleling those expressed in Plummer for inferring extraterritorial application of section 545's attempted smuggling provision, we infer Congressional intent to apply extraterritorially section 1326(a)'s attempted

reentry provision.  Although the completed crime of reentry requires some physical entry into the United States, attempted reentry is not logically dependent on acts taken within United States's territorial limits.  See United States v. Bowman, 43 S.Ct. 39, 41 (1922); Plummer, 221 F.3d at 1305.  From the very nature of the crime, the substantial step toward completion of an illegal reentry – the lynchpin of an "attempt" – is likely to occur outside United States territorial limits.  Proximity to the United States may factor  – and, in some cases may even be an important consideration – in determining whether conduct constitutes the requisite substantial step.  But proximity is but one consideration; whether conduct "advanced enough to constitute an attempt is an issue for factual development and trial, not one for this Court to resolve as a matter of law based solely on the indictment." Plummer, 221 F.3d at 1303.

The indictment of Dasilva stated adequately the offense of attempted illegal reentry; dismissal of the indictment was in error.

**VACATED AND REMANDED.**